**In the Matter of Ronald A. SCOTT, Delinda E. Scott, Debtors.**

**Dan McCorkle, Successor in Interest to Homes of America, Inc., Plaintiff,**

v.

**Ronald A. Scott, Delinda Scott, Defendants.**

**Bankruptcy No. 98–51155 RFH.**
**Adversary No. 02–5174.**

United States Bankruptcy Court,
M.D. Georgia,
Macon Division.

July 16, 2003.

———

William G. Johnston, III, Griffin, GA, for Plaintiff.

Robert M. Matson, Macon, GA, for Defendants.

### *MEMORANDUM OPINION*

ROBERT F. HERSHNER, Jr., Chief Judge.

Dan McCorkle, Successor in Interest to Homes of America, Inc., Plaintiff, filed a motion for summary judgment on April 18, 2003. Ronald A. Scott and Delinda Scott, Defendants, filed a motion for summary judgment on April 18, 2003. The Court, having considered the motions, the record, and the arguments of counsel, now publishes this memorandum opinion.

The undisputed material facts show that Dan McCorkle, Plaintiff, was the president and sole shareholder of Homes of America, Inc. Defendants agreed to purchase a residence that was constructed by Homes of America.[1] The residence was Defendants'

---

1. The residence may have been constructed by Plaintiff as agent for Homes of America.

principal residence. Thomaston Federal Savings & Loan financed the purchase and holds the first mortgage.

Homes of America financed Defendants' down payment on their residence. Defendants signed a promissory note dated January 20, 1994, in favor of Homes of America. Defendants were to repay the principal of $9,030 by making twenty-three monthly payments of $109.56. A final payment of $7,859.51 was due on January 20, 1996. Defendants executed a second mortgage dated September 23, 1994, in favor of Homes of America. The second mortgage secured Defendants' obligation to Homes of America. Homes of America recorded its second mortgage on September 27, 1994.

Defendants made several monthly payments to Homes of America. Defendants defaulted on their payments and Homes of America began foreclosure proceedings. Defendants filed a petition for relief under Chapter 13 of the Bankruptcy Code on March 16, 1998, to stop the foreclosure proceedings.

The Court entered an order on June 22, 1998, confirming Defendants' Chapter 13 plan. The confirmed plan provides that Defendants would make payments on the first mortgage directly to Thomaston Federal Savings & Loan. The confirmed plan also provides, in relevant part, as follows:

From the payments so received, the trustee shall make disbursements as follows: ...
(c) After the above payments, payments to secured creditors whose claims are duly proven and allowed as follow:

| NAME OF CREDITOR | AMOUNT DUE | VALUE | INT. | COLLATERAL | TO BE PAID |
|---|---|---|---|---|---|
| ... | | | | | |
| HOMES/AMERICA | $9,030.00 | N/A | N/A | RE (DISPUTED) | $00 |
| ... | | | | | |

**Special provisions:** ... DEBT TO HOMES OF AMERICA IS DISPUTED AND WILL NOT BE PAID THROUGH THE PLAN. UPON COMPLETION OF THE PLAN AND DISCHARGE, THE SECURITY HELD BY HOMES OF AMER[I]CA WILL BE SATISFIED OF RECORD AND TRANSFERRED TO THE DEBTORS.

Neither Plaintiff nor Homes of America objected to confirmation of Defendants' Chapter 13 plan. No appeal was filed to the order confirming Defendants' Chapter 13 plan.

Plaintiff admits that he and Homes of America received notice of Defendants' bankruptcy petition and the proposed Chapter 13 plan. Homes of America filed on July 10, 1998, a proof of claim, asserting a secured claim for $11,543.13.[2] No objection to the proof of claim was filed.

Defendants did not file an adversary proceeding to determine the validity, priority, or extent of Homes of America's second mortgage.[3] Homes of America received no distributions through Defendants' confirmed Chapter 13 plan.

Homes of America, on March 29, 2001, assigned Defendants' promissory note and second mortgage to Plaintiff. Plaintiff filed on September 28, 2001, a motion for relief from the automatic stay to foreclose on his second mortgage. The Court entered an order on October 12, 2001, granting Plaintiff's motion for relief.

The Court entered on February 12, 2002, an order discharging Defendants from all dischargeable obligations. A final

---

2. The deadline for filing a proof of claim was July 13, 1998.

3. Fed. R. Bankr.P. 7001(2).

decree was entered on March 13, 2002, and Defendants' bankruptcy case was closed.

Plaintiff filed on September 16, 2002, a petition in state court for declaratory judgment, asking the state court to enter an order determining that his second mortgage is valid and unaffected by Defendants' discharge in bankruptcy. Defendants reopened their bankruptcy case and removed the state court action to this Court.

Plaintiff and Defendant disagree as to whether Plaintiff's second mortgage survived the confirmation of Defendants' Chapter 13 plan and their subsequent discharge in bankruptcy.

Section 1327(a) of the Bankruptcy Code[4] provides that the provisions of a confirmed Chapter 13 plan bind the debtor and each creditor, whether or not the creditor's claim is provided for by the plan, and whether or not the creditor has objected to, accepted, or rejected the plan. Defendants argue that their confirmed Chapter 13 plan provides that Plaintiff's second mortgage would be satisfied of record upon completion of their Chapter 13 plan and discharge in bankruptcy. Defendants argue that Plaintiff is bound by the provisions of their confirmed Chapter 13 plan and that Plaintiff's second mortgage has been satisfied and is unenforceable.

The Court is persuaded that the issue presented in this adversary proceeding is decided by a binding decision of the Eleventh Circuit Court of Appeals. In *Universal American Mortgage Co. v. Bateman (In re Bateman)*,[5] the Eleventh Circuit Court of Appeals held, in its conclusions, as follows:

### III. CONCLUSION

We hold that although the parties are bound to the terms of the Plan, as confirmed, [the creditor's] secured claim for arrearage survives the Plan and it retains its rights under the mortgage until [the creditor's] claim is satisfied in full. If that satisfaction is not forthcoming, after the automatic stay is lifted, [the creditor] will be entitled to act in accordance with the rights as provided in the mortgage to satisfy its claim.

331 F.3d at 834.

The Court is persuaded that Plaintiff was bound by Defendants' confirmed Chapter 13 plan, but that Plaintiff's secured claim survives the confirmed plan and Defendants' discharge. Thus, Plaintiff retains his rights under the second mortgage until his secured claim is satisfied in full.

An order in accordance with this memorandum opinion will be entered this date.

---

4. 11 U.S.C.A. § 1327(a) (West 1993) This section provides:

    **§ 1327. Effect of confirmation**
    (a) The provisions of a confirmed plan bind the debtor and each creditor, whether or not the claim of such creditor is provided for by the plan, and whether or not such creditor has objected to, has accepted, or has rejected the plan.

5. 331 F.3d 821 (11th Cir.2003).