**In re James Lee BELL, Debtor.**

**No. 00–40156–PNS3.**

United States Bankruptcy Court, N.D. Florida, Pensacola Division.

Oct. 3, 2003.

Paul W. Groom, II, Port St. Joe, FL, for John Jacobson, Creditor.

## MEMORANDUM OPINION DENYING DEBTOR'S MOTION TO STRIKE CLAIM AS A FRAUD UPON THE COURT

LEWIS M. KILLIAN, JR., Bankruptcy Judge.

This MATTER was heard telephonically on September 24, 2003, on the debtor's Motion to Strike a Claim as a Fraud Upon the Court and the Debtor's Satisfaction to Court's Order on Motion to Compel. This court has jurisdiction pursuant to 28 U.S.C. § 1334(b), and this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B).

The debtor, James Lee Bell, filed his voluntary petition under chapter 13 on January 28, 2000. A secured creditor, John Jacobson (Jacobson), filed a proof of claim for $ 146,026.71 on June 13, 2000 (claim # 5). The debtor timely objected to the proof of claim, arguing that the proper amount of the claim should be $ 120,805.38. The debtor disputed certain amounts set forth in the claim, mainly that Jacobson failed to credit certain amounts, and for excessive fees and costs. In a contested hearing before me on August 31, 2000, prior to confirmation of the debtor's second amended plan, the debtor and Jacobson reached an agreement as to the proper amount of Jacobson's claim. Jacobson amended his proof of claim to reflect the agreed upon amount of $ 138,509.21 (claim # 8). The Plan, which provided for payment of Jacobson's secured claim, was confirmed on September 27, 2000.

On August 27, 2003, the debtor filed his Motion to Strike Claim as a Fraud Upon the Court. This motion alleges, among other things, that: (1) Jacobson fraudulently inflated his claim; (2) Jacobson, as an agent for St. Paul Fire Insurance, was a knowing party in the fraudulent process used to obtain the initial final judgment (in 1993 and 1998) that the claim is based on; and (3) the final judgment against the debtor is not yet final. Jacobson responded, arguing that res judicata bars the debtor's motion to strike as the judgment underlying Jacobson's claim is over ten (10) years old.

In this issue, *In re Bateman*, 331 F.3d 821 (11th Cir.2003), controls. Following *Bateman*, res judicata bars the debtor's objection. *Id.* at 829, 830. Title 11, U.S.C. § 1327 provides that the provisions of a confirmed plan bind the debtor and each creditor, giving res judicata effect to a confirmed chapter 13 plan. *Id.* The binding effect extends to issues actually litigated by the parties and any issues determined by the confirmation order. *Id.* Here, Jacobson's contested claim was voluntarily negotiated by the debtor and Jacobson. Both parties agreed to a claim amount which then became part of the confirmed Plan. The debtor cannot now attempt to go back and re-litigate the validity and amount because the confirmed Plan is accorded res judicata effect.

Therefore, the debtor's Motion to Strike Claim as Fraud Upon the Court is DENIED.

I will enter a separate Order in accordance herewith.

### ORDER

This MATTER came before the Court on September 24, 2003, on the Debtor's Satisfaction to Court's Order on Motion to Compel and Debtor's Motion to Strike a Claim as a Fraud Upon the Court. Having reviewed the Motions and all related pleadings, having heard the arguments of all the parties and the trustee, it is hereby

ORDERED AND ADJUDGED that

1. the debtor is Ordered to consummate and close the pending sale of the debtor's property in accordance with the Debtor's Plan not later than October 24, 2003, said date being thirty (30) days from the above referenced hearing, or this matter shall be finally and fully dismissed.