[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-12002

Non-Argument Calendar

_____

In re:

 URSULA LANGLEY,

Debtor.

URSULA LANGLEY,

Plaintiff-Appellant,

*versus*

JON WAAGE,

Defendant-Appellee.

————————————

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 2:20-cv-00956-SPC

————————————

Before WILSON, JORDAN, and ANDERSON, Circuit Judges.

PER CURIAM:

Ursula Langley, a *pro se* debtor, appeals following the district court's refusal to reconsider its order affirming the bankruptcy court's denial of confirmation and dismissal of her bankruptcy petition.  For the reasons which follow, we affirm.

In the district court, Ms. Langley argued that two putative creditors—the Deutsche Bank National Trust Company and APG Holdings Revokable Trust—could neither hold a valid Note on her residential property nor enforce one against her; that Deutsche Bank's proof of claim represented a class action to losses by investor; and that the bankruptcy court should have deferred to a pending adversary proceeding she had filed before rendering a decision in the case. The district court affirmed the decision of the bankruptcy court, ruling that the bankruptcy court correctly recognized that Ms. Langley had tried to use the bankruptcy proceedings to litigate the merits of her mortgage notes.  Additionally, the district court concluded that she had not challenged the rulings of the bankruptcy court and instead used the appeal to contest the

21-12002                Opinion of the Court                3

bankruptcy court's separate decision to abate the adversary proceeding. Finally, the district court noted that the bankruptcy court had found that her Chapter 13 reorganization plan had not met the requirements for confirmation. Ultimately, the district court held that even if Ms. Langley had argued the merits of the case, the bankruptcy court had properly abstained from determining a state law issue and she had not showed an abuse of discretion.

On appeal before us, Ms. Langley argues that due process required the bankruptcy court to consider her adversary complaint to its completion. Additionally, she asserts that Deutsche Bank and APG had no standing to file proofs of claims, that they did not have valid notes to enforce any claims, and that they were not valid creditors. Significantly, however, she does not challenge any of the bases provided by the district court for affirming the bankruptcy court's decision.[1]

In an appeal from a bankruptcy proceeding, we "independently examine[s] the bankruptcy court's factual and legal determinations, applying the same standards of review as the district court." *Coady v. D.A.N. Joint Venture III, LLP (In re Coady)*,

---

[1] Although Ms. Langley's notice of appeal only designated the denial of a motion for reconsideration for review, we liberally construe it to also include the underling judgment, as her intent to appeal the underlying order is clear. *See Kicklighter v. Nails by Jannee, Inc.*, 616 F.2d 734, 738–39 n.1 (5th Cir. 1980). Because Ms. Langley does not present arguments relating to the denial of her motions for reconsideration by the bankruptcy court and district court, respectively, any issues in those respects are abandoned. *See Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681 (11th Cir. 2014).

4                    Opinion of the Court                    21-12002

588 F.3d 1312, 1315 (11th Cir. 2009).  That means that we "review the bankruptcy court's factual findings for clear error and its resolution of any legal questions de novo." *Id.*

We liberally construe *pro se* pleadings.  *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).  But though we read briefs filed by *pro se* litigants liberally, issues not briefed on appeal by a *pro se* litigant are deemed abandoned.  *See Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008).

A claim or argument is considered abandoned if it is not adequately addressed in the initial brief.  *See Sapuppo*, 739 F.3d at 681.  To properly "brief" a claim, a party must "plainly and prominently raise it."  *Id.* (quotation marks omitted).  And if the district court's order rested on two or more independent, alternative grounds, the appellant must challenge all of the grounds to succeed on appeal.  *See id* at 680*.* When an appellant fails to challenge properly on appeal one of the grounds on which the district court based its judgment, she is deemed to have abandoned any challenge of that ground, and it follows that the judgment is due to be affirmed.  *See Id.*

Chapter 13 "affords individuals receiving regular income an opportunity to obtain some relief from their debts while retaining their property."  *Bullard v. Blue Hills Bank*, 575 U.S. 496, 498 (2015).  "To proceed under Chapter 13, a debtor must propose a [reorganization] plan to use further income to repay a portion (or in the rare case all) of [her] debts over the next three to five years."  *Id.*   As relevant here, 11 U.S.C. § 1322(b)(2) prohibits any

21-12002                Opinion of the Court                5

modification of a homestead mortgagee's rights in the Chapter 13 plan. *See Universal Am. Mort. Co. v. Bateman (In re Bateman)*, 331 F.3d 821, 826 (11th Cir. 2003).

In her brief, Ms. Langley does not challenge the multiple grounds (a) that the bankruptcy court relied on to deny confirmation and dismiss her complaint and (b) which the district court affirmed. Although we construe her brief liberally, she does not address any of those grounds and that means that she has abandoned any challenges to those grounds. *See Timson*, 518 F.3d at 874. The district court's judgment must therefore be affirmed. *See Sapuppo*, 739 F.3d at 680.[2]

**AFFIRMED.**

---

[2] Even assuming that Ms. Langley had implicitly challenged the grounds set out by the bankruptcy court and district court, affirmance would still be appropriate. Simply stated, she did not present a Chapter 13 plan which could be confirmed. Her reorganization plan called for payments over 84 months, which is beyond the 3-to-5-year plan as required by the statute. 11 U.S.C. § 1322(d). Additionally, much of her arguments before the bankruptcy and the district court consisted of her impermissible challenges to the status of Deutsche Bank and APG as lienholders in the Chapter 13 proceedings. *See Bateman*, 331 F.3d 821, 826 (11th Cir. 2003); 11 U.S.C. § 1322(b)(2).