**In re Monica SERNAQUE, Debtor.**

**No. 01–18160–BKC–RAM.**

United States Bankruptcy Court,
S.D. Florida.

June 14, 2004.

Christine L. Herendeen, Echevarria & Associates, P.A., Tampa, FL, for Citifinancial.

Timothy Kingcade, Miami, FL, for Debtor.

Peter D. Spindel, Coral Gables, FL, Co-counsel for Citifinancial.

Nancy Herkert, Miramar, FL, Chapter 13 Trustee.

### MEMORANDUM OPINION AND ORDER DENYING CITIFINANCIAL MORTGAGE COMPANY'S MOTION FOR SUMMARY JUDGMENT

ROBERT A. MARK, Chief Judge.

In the case of *In re Bateman*, 331 F.3d 821 (11th Cir.2003), the Eleventh Circuit held that if a secured creditor mortgagee files a proof of claim in a Chapter 13 case, which is not objected to prior to confirmation, the amount of its mortgage arrearage survives confirmation of a plan to the extent it is not treated in the plan. The issue before the Court in the present case is whether the *Bateman* ruling applies if the creditor files a secured claim which is not objected to but the confirmed plan values the secured claim under § 506, strips off the creditor's mortgage and treats the entire claim as unsecured.

Specifically before the Court is Debtor's Motion to Enter Recordable Order Stripping Off Second Mortgage in Accordance With Confirmed Chapter 13 Plan (CP# 47) ("Motion for Recordable Order Stripping Lien") and Citifinancial Mortgage Company, Inc.'s ("Citifinancial") Motion for Summary Judgment as to Debtor's Motion for Recordable Order Stripping Lien ("Motion for Summary Judgment"). For the reasons that follow, the Court finds that an order confirming a plan which strips off a mortgage after due notice to the secured creditor is enforceable, whether or not the debtor separately filed an objection to the creditor's proof of secured claim. Therefore, the Motion for Summary Judgment will be denied. Because there are factual issues remaining with respect to service and notice issues, the Court is reserving ruling on the Motion for Recordable Order Stripping Lien.

### Factual and Procedural Background

The material facts are as follows:

A. The Debtor filed her Chapter 13 petition on July 30, 2001. Her Schedules list Citifinancial as a creditor holding a second mortgage on the Debtor's personal residence and list Citifinancial's address as P.O. Box 31513, Tampa, Florida.

B. On August 7, 2001, Citifinancial filed a timely Proof of Claim. The Claim is filed as a secured claim for $15,632.38. The Debtor was current on payments to Citifinancial at the time of filing so the claim does not include any prepetition arrearages.

C. On August 13, 2001, Debtor filed a Chapter 13 plan (the "Plan") (CP# 4). Utilizing the approved Local Form for Chapter 13 plans then in effect in this district, the Debtor checked the box next to which is language in bold which reads: "IF CHECKED, THE PLAN SEEKS TO VALUE THE COLLATERAL SECURING THE CLAIMS OF THE CREDITORS LISTED BELOW PURSUANT TO 11 U.S.C. § 506(a) AND BANKRUPTCY RULE 3012." Citifinancial is listed just below the bold language as a secured creditor with collateral valued at $0.00. A separate section of the Plan titled "Other Provisions Not Included Above" included the following language:

(1) The provisions included on the Notice of Commencement and the Local Rules of the Bankruptcy Court for the Southern District of Florida are incorporated herein by reference and are binding on any and all parties in interest. This Chapter 13 Plan is also a motion in certain circumstances and any interested party should act accordingly.

D. The Debtor's Schedules and Chapter 13 Plan also listed a first mortgage on the Debtor's home held by Sue Fletcher

and provided for payments to Sue Fletcher outside of the Chapter 13 Plan.

E. After the Plan was filed, the Clerk issued and served the Court's standard Notice of Chapter 13 Bankruptcy Case, Meeting of Creditors, Deadlines & Court Confirmation Procedures (the "Notice of Confirmation Procedures")(CP# 5). Citifinancial was served by mail at the address listed in the Debtor's Schedules, P.O. Box 31513, Tampa, Florida.

F. In addition to the bold language in the Plan expressly stating that the Plan seeks to value Citifinancial's collateral pursuant to § 506(a) and Rule 3012, the Notice of Confirmation Procedures also advised creditors that the plan could seek to value collateral. Specifically, the Notice included the following section:

> Deadline to Object to Debtor's Valuation of Secured Claims: The debtor may establish value of collateral securing certain claims in the original plan as filed. *The plan will be deemed a "Motion to Value Collateral Under 11 U.S.C. § 506(a)"* and will establish the extent of the secured claim unless an objection is filed ... before the meeting of creditors.

Notice of Confirmation Procedures (emphasis added). The Notice of Confirmation Procedures provides further that timely raised objections not resolved at the meeting of creditors will be heard at the confirmation hearing, which was scheduled in the Notice for November 15, 2001.

G. On November 7, 2001, the Debtor filed her First Amended Plan (CP# 10) and on November 9, 2001, her Second Amended Plan (CP# 11). These amended plans did not change the treatment of Citifinancial's claim.

H. According to the Certificate of Service filed on November 9, 2001 (CP# 12), Debtor's counsel mailed Debtor's First Amended Chapter 13 Plan by regular United States mail to "Citifinancial" at P.O. Box 140609, Irving, Texas, the address listed in Citifinancial's Proof of Claim.

I. On December 7, 2001, the Court entered an Order Confirming Second Amended Chapter 13 Plan (the "Confirmation Order")(CP# 13).

J. On December 24, 2002, the law firm of Echevarria & Associates, P.A., filed a Request for Notice on behalf of Citifinancial. This marked the first appearance of counsel in this case for Citifinancial.

K. On March 5, 2003, Debtor filed her Motion for Recordable Order Stripping Off Second Mortgage in Accordance with Confirmed Chapter 13 Plan (CP# 34). The motion seeks an Order which the Debtor plans to record in the Miami–Dade County Public Records, indicating that Citifinancial's second mortgage has been "stripped off" by virtue of the zero valuation of its secured claim in the confirmed Plan.

L. On March 23, 2003, Citifinancial filed a Motion to Quash Service and for Relief from Order Confirming Debtor's Uncontested Chapter 13 Plan Incorporating Valuation of Security (CP# 37)(the "Motion to Quash"). In its Motion to Quash, Citifinancial argues that it was not properly served with Debtor's Second Amended Plan which incorporated the motion to value Citifinancial's collateral. As such, Citifinancial seeks relief from the Confirmation Order which purports to strip off its lien.

M. On June 17, 2003, Debtor filed a Motion to Compel Production of Documents and to Enter Recordable Order Stripping Off Second Mortgage in Accordance with Confirmed Chapter 13 Plan (CP# 47). This Motion seeks to compel production of documents the Debtor requested to determine the scope of notice Citifinancial received. The Motion also re-

news the Debtor's request for a recordable order stripping off Citifinancial's second mortgage.

N. On July 28, 2003, the Court entered an Order Setting Hearing and Prehearing Conference on the Debtor's Motion for Recordable Order Stripping Lien and on Citifinancial's Motion to Quash.

O. On August 20, 2003, prior to the scheduled prehearing conference and evidentiary hearing, Citifinancial filed its Motion for Summary Judgment (CP# 54).

P. The Court heard argument on the Motion for Summary Judgment on September 22, 2003, and took the matter under advisement.

### Discussion

■ The Court has reviewed the record, including the Motion for Summary Judgment, Debtor's Response to the Motion for Summary Judgment (CP# 59), and Citifinancial's Reply to Debtor's Response (CP# 61). For the reasons that follow, the Motion for Summary Judgment will be denied. Assuming, for purposes of this motion, that notice is not an issue,[1] the Court concludes that the Confirmation Order constitutes a finding that Citifinancial's secured claim is valued at zero dollars. Again, assuming no notice issue, this finding is conclusive and will be enforceable against Citifinancial even though the Debtor did not separately file an objection to Citifinancial's Secured Proof of Claim.

### A. Confirmation of the Plan Properly Incorporated a Valuation of Citifinancial's Secured Claim Under 11 U.S.C. § 506(a) and Bankruptcy Rule 3012

Under the local rules presently in effect in this district, Chapter 13 debtors seeking to value collateral for plan purposes must file a separate motion to value collateral under Rule 3012, Fed.R.Bankr.P. The Court made this change, which became effective December 31, 2002, in response to notice issues which arose in several cases. Local Rule 3012–1 now explicitly provides that "motions to value collateral pursuant to Bankruptcy Rule 3012 shall be served on the affected creditors in accordance with Bankruptcy Rule 7004."

It was simply potential ambiguity in the notice and service requirements which triggered a change in the local procedures. There was no substantive problem in the prior procedure which incorporated a § 506(a) valuation and Rule 3012 motion into the plan process. *In re Calvert*, 907 F.2d 1069 (11th Cir.1990). In *Calvert*, the Eleventh Circuit held that the bankruptcy court in that case violated Rule 3012 by valuing collateral at confirmation without providing specific notice that confirmation of the plan would determine the extent to which the claim was secured. 907 F.2d at 1072. Notably, the *Calvert* court did not have a problem with the valuation determination occurring at confirmation rather than by separate hearing on a separate Rule 3012 motion. Indeed, as the court stated:

1. This opinion does not address the alleged deficiencies in service of the Plan and Confirmation Order argued in Citifinancial's Motion to Quash. As filed, the Motion for Summary Judgment argues that even if service was adequate, stripoff of its mortgage in the Plan is not enforceable absent a pre-confirmation objection to its secured claim. Although its reply memorandum in support of summary

judgment also argues that the facts relating to service are undisputed, the service and notice issues will be left for another day. Thus, in determining the legal issue presented in the Motion for Summary Judgment, the Court is assuming that Citifinancial had adequate notice of the Plan and the zero valuation of its secured claim as provided in the Plan.

Section 506(a) approves of holding [the Rule 3012] hearing *in conjunction with the confirmation plan,* as was done here; there is no requirement of a separate hearing.

*Id.* (emphasis added).[2]

Unlike the procedure in *Calvert,* this Court's process for valuing Citifinancial's secured claim in this case fully complied with Rule 3012 and § 506(a). The Notice of Confirmation Procedures specifically advised creditors that if valuation was included in the Plan, the Plan would be deemed a "Motion to Value Collateral Under § 506(a)." And, consistent with the Notice, the Plan specifically stated that the Plan seeks to value [Citifinancial's] collateral pursuant to § 506(a) and Bankruptcy Rule 3012.

In addition, a specific provision in the Confirmation Order reiterated that a § 506(a) valuation was accomplished in the Plan and that this valuation would be a binding determination of the secured portion of any claim:

> To the extent the Plan sought a determination of valuation pursuant to Fed. R.Bankr.P. 3012, and no objections were filed ..., the terms of the plan will be binding upon the affected secured creditors, *and any allowed Proof of Claim will be secured only to the extent of the value as provided for in the Plan and unsecured as to the balance of the claim.*

Confirmation Order, p. 3, ¶ 8 (emphasis added).

In sum, assuming proper service of the Notice and the Plan, the confirmation procedures in this case clearly and properly incorporated a valuation of Citifinancial's collateral and its secured claim under § 506(a) and Rule 3012. Thus, in analyzing the effect of the Confirmation Order, the Court concludes that the Confirmation Order did, as stated in paragraph 8, constitute a valid and binding determination that Citifinancial's secured claim was valued under § 506(a) at zero dollars. Using generally accepted Chapter 13 language, the mortgage was "stripped off."

This brings us back to the summary judgment issue: Was the determination of Citifinancial's secured claim in the Plan and Confirmation Order rendered meaningless and unenforceable because the Debtor did not file a separate objection to Citifinancial's Proof of Claim? As discussed below, neither *Bateman* nor any provisions in the Bankruptcy Code or Federal Rules of Bankruptcy Procedure support this illogical view.

**B. *The Eleventh Circuit's Decision In Bateman Does Not Defeat the Preclusive Effect of the Valuation Of Citifinancial's Collateral Accomplished in the Plan***

Having established that the valuation of Citifinancial's collateral in the Plan was accomplished in a manner conforming to the requirements of Rule 3012 and § 506(a) of the Code, we now turn to an analysis of *Bateman* to determine whether that decision required a separate objection to Citifinancial's claim to enforce the Plan valuation. As will be shown, *Bateman* does not compel this result.

In *Bateman,* the Court was faced with the following (hopefully rare) situation.

---

**2.** § 506(a) provides in pertinent part:

An allowed claim of a creditor ... is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property [i.e. the value of the creditor's collateral] ... Such valuation shall be determined ... in conjunction with any hearing ... on a plan affecting such creditor's interest.

§ 506(a) (emphasis and bracketed comments added).

The plan provided a cure amount for a mortgage arrearage different than the cure amount contained in the mortgagee's proof of claim and neither party affirmatively responded to the other's stated number. Bateman filed a plan which provided for cure of a $21,600 arrearage under her mortgage with Universal American Mortgage Company ("Universal"). Universal filed a timely proof of secured claim claiming an arrearage of $49,178.80. Significantly (as the Court will come back to) the Universal mortgage was secured by Bateman's principal residence.

Bateman's plan was confirmed without objection by Universal, but Bateman did not file a separate objection to Universal's proof of claim. Over a year after confirmation, the Chapter 13 trustee discovered the discrepancy between the plan arrearage amount and the proof of claim arrearage, and advised Bateman of the problem. Bateman then filed an objection to Universal's claim. Universal filed a response and a motion to dismiss.

The bankruptcy court sustained the objection to Universal's claim and denied Universal's motion to dismiss. The bankruptcy court found that the plan should be given res judicata effect binding Universal to the $21,600 arrearage amount provided for in the plan. The district court affirmed.

On further appeal, the Eleventh Circuit affirmed in part and reversed in part. It affirmed the bankruptcy court's ruling denying Universal's motion to dismiss. The court held that confirmation of the plan was res judicata even though the plan provided an arrearage inconsistent with Universal's proof of claim. The court also concluded, however, that the plan's res judicata effect did not extend to the amount of Universal's arrearage. Specifically, the Court held that in the absence of a pre-confirmation objection to Universal's

claim, the amount of arrearage in the claim not paid under the Plan remained enforceable. 331 F.3d at 828. As the Court explained, "we refuse to permit an inconsistent plan provision to constitute a constructive objection [to the proof of claim]." *Id.*

Neither *Bateman's* holding nor its reasoning apply to the situation presented here where the Plan process incorporated a specific § 506(a) valuation of the creditor's collateral. Bateman addressed the *amount* of a claim asserted by the holder of a mortgage secured by the debtor's primary residence. In concluding that the plan could not trump the proof of claim without a specific claim objection under Fed.R.Bankr.P. 3007, the court focused, in part, on § 1322(b)(2) which prohibits any modification of a homestead mortgagee's rights in a Chapter 13 plan. 331 F.3d at 826. As the court noted, a mortgage arrearage can be cured in a plan without the plan constituting an impermissible modification, but the plan cannot compromise the aggregate amount of the secured claim, including the full amount of the arrearage. 331 F.3d at 827. Referring again to the amount of the claim, the court noted that absent objection, a claim is "deemed allowed" under § 502(a), and is "prima facie evidence of the *validity* and *amount* of the claim" under Fed.R.Bankr.P. 3001(f). As such, the unobjected to proof of claim in *Bateman* was prima facie evidence of the *amount* of the mortgage arrearage, and a plan providing for cure of a lesser amount was therefore an impermissible modification under § 1322(b)(2).

In summarizing the basis for finding the plan insufficient to supercede the arrearage amount in the proof of claim, the *Bateman* court relied on (1) the deemed allowed language of § 502; (2) the explicit procedures set forth in Rule 3007 to object to a claim; and (3) the existence of a

secured home mortgage claim. 331 F.3d at 828. None of these reasons apply to the valuation of collateral in the present case.

■ First, Sernaque's plan did not contest the amount of Citifinancial's claim, but instead provided for valuation of the collateral securing the claim, a separate and distinct issue. Assuming (as we must) that *Bateman* is correct in concluding that an objection to claim is the only way to dispute the amount of a claim, the same is not true for valuing the collateral securing a claim. Filing an objection to claim under Rule 3007 may be one way. Another way is for the debtor to file an adversary complaint to determine amount, validity and priority of a lien under Rule 7001(2). A third way to determine the extent of a secured claim is the method used here: Valuing the lien under § 506(a) and Rule 3012 as part of the plan process.

The propriety of valuing collateral in a plan was specifically addressed and approved by the Eleventh Circuit in *Calvert*, discussed earlier. In a lengthy footnote, the court explained the difference between allowance of a claim under § 502 and determination of secured status under § 506. 907 F.2d at 1069, fn. 1. It rejected the secured creditor's argument that the plan's valuation was unenforceable, solely because the debtor did not object to its claim under Rule 3007. As the Court explained:

> The bankruptcy court's valuation of the mobile home must be understood as part of the § 506 determination of secured status rather than the § 502(a) claim allowance process. The bankruptcy court undertakes the determination of secured status in conjunction with the confirmation hearing on the proposed bankruptcy plan, but only as to claims which have already been deemed allowed... Given the lack of written objection, Green Tree's claim was deemed allowed under § 502(a). The hearing on

collateral valuation was part of the subsequent § 506 determination of the extent to which this allowed claim was secured. Thus, the question for the court is only whether the bankruptcy court followed the appropriate procedures ... in valuing the collateral as part of this determination.

*Id.*

■ As noted earlier, the Eleventh Circuit in *Calvert* reversed the lower court because the bankruptcy court valuation was done without providing notice to the creditor that its collateral would be valued at confirmation. 907 F.2d at 1072. As also discussed at length earlier, the procedures employed in this case put Citifinancial on specific notice that the Plan included a valuation under Rule 3012 and § 506(a). In sum, the Eleventh Circuit has specifically found that valuation of collateral and determination of secured status can be accomplished in the plan and confirmation process even if a claim filed as a secured claim has been deemed allowed, because there was no objection to the proof of claim.

Citifinancial argues that *Bateman* mandates that an objection to claim is the only way to definitely deal with a secured claim in this circuit, citing not only to *Bateman*, but to the Eleventh Circuit's earlier decision in *In re White*, 908 F.2d 691 (11th Cir.1990). Neither *Bateman* nor *White* stand for that proposition. As already discussed, *Bateman* addressed the allowance of a claim, not the determination of secured status. *White* did involve determination of secured status, but there, the bankruptcy court, on its own initiative, determined at confirmation that a secured claim would be disallowed. Not surprisingly, the appellate court found that this sua sponte ruling failed as a substitute for an objection to claim. The court in *White* did not address the effect of a valuation

properly accomplished under § 506 and Rule 3012.

Several courts have held that the valuation of collateral in a plan is binding without the necessity of a separate objection to claim. *See In re Duggins,* 263 B.R. 233 (Bankr.C.D.Ill.2001); *In re Hudson,* 260 B.R. 421, 437–38 (Bankr.W.D.Mich.2001) (creditor is bound by valuation of collateral in a confirmed plan even if creditor filed a proof of claim with a higher valuation).[3] *Matter of Beard,* 112 B.R. 951, 955–956 (Bankr.N.D.Ind.1990) (when a plan is confirmed without objection, the value of a lien securing a claim will be binding upon a creditor); *In re Pourtless,* 93 B.R. 23 (Bankr.W.D.N.Y.1988) (claim objection not required if secured status is determined under § 506 at the confirmation hearing).

*Duggins* is particularly instructive. The plan in *Duggins* valued the collateral securing Sears' claim at $500. Sears did not object to confirmation, but did file a proof of claim valuing the collateral at $819.99. As framed by the bankruptcy court, the issue was

> whether a secured creditor who fails to object to a plan that is then confirmed, may avoid being bound by the plan's valuation simply because the creditor filed a pre-confirmation proof of claim stating a value for its collateral greater than that contained in the plan.

263 B.R. at 235.

■ Contrary to Citifinancial's argument that the claims allowance process is the only way to value a secured claim, the *Duggins* court found that the claims allowance process is not even the appropriate process for establishing the valuation of collateral to determine an allowed secured claim. *Accord, In re Hudson,* 260 B.R. at

435. In sum, the *Duggins* Court held that "[t]he Bankruptcy Code and Rules do not support the proposition that a creditor who files a proof of claim before confirmation can ignore the confirmation process and avoid the binding effect of a confirmed plan." 263 B.R. at 244. This Court fully agrees with the following conclusions in *Duggins:* The collateral value in a creditor's proof of claim does *not* trump the value contained in the plan and the claims allowance process is *not* the exclusive procedure by which value must be determined. *Id.*

The *Duggins* holding was articulated as follows:

> Where a Chapter 13 plan values a secured claim and the plan is confirmed, with or without objection of the secured creditor, the creditor is bound by the plan's value notwithstanding that the creditor filed a proof of claim stating a higher value before confirmation and that no objection to the claim was filed before confirmation.

*Id.* Thus Sears was bound by the $500 valuation of its collateral in the plan.

Obviously, agreeing with cases such as *Duggins* and *Hudson* would be irrelevant if the Eleventh Circuit's decision in *Bateman* held to the contrary. It did not. *Bateman* discussed and distinguished *Duggins,* but did not disagree with *Duggins'* holding or analysis. 331 F.3d at 832, fn. 10. *Bateman* distinguished *Duggins* in two significant ways. First, the Court noted that *Duggins* was a § 506(a) stripdown bifurcating Sears' claim, a bifurcation not permissible with home mortgages under § 1322(b)(2) as interpreted by the Supreme Court in *Nobelman v. Am. Savs.*

---

**3.** Judge Gregg's scholarly opinion in *Hudson* includes an excellent analysis of the modification of liens in Chapter 13 plans and the important distinction between the amount and validity of a claim established by an unobjected to proof of claim and the valuation of collateral which establishes the extent of the secured claim under § 506(a).

*Bank,* 508 U.S. 324, 113 S.Ct. 2106, 124 L.Ed.2d 228 (1993). Second, the *Bateman* court noted that the *Duggins* dispute "centered around the valuation of the collateral, not the amount of the claim itself." *Id.* The *Bateman* court concluded that "[b]ecause of these distinctions, we do not find the language in *In re Duggins* to be applicable to the issue before us." *Id.*

 Citifinancial's mortgage was secured by the Debtor's home. However, unlike *Bateman,* the plan's valuation did not violate § 1322(b). Stripdowns of homestead mortgage claims are barred under *Nobelman,* but in the Eleventh Circuit, stripoffs are permitted. *In re Tanner,* 217 F.3d 1357 (11th Cir.2000). Second, as in *Duggins* (and unlike *Bateman*), the present case involves valuation of collateral, not the amount of the claim.

Moreover, unlike *Duggins,* in which valuation was simply a plan provision, valuation in the Plan here was accomplished in conformity with the procedures in Rule 3012. As described in greater detail earlier, the Notice of Confirmation Procedures, the Plan itself, and the Confirmation Order all put Citifinancial on notice that the Debtor was valuing its collateral in the Plan under procedures functionally equivalent to filing a separate motion to value collateral under § 506(a) and Rule 3012. In short, the procedural process used to value Citifinancial's collateral was more specific and formal than the process in *Duggins.* As such, the result—binding Citifinancial to the value determined in the Plan, is even more compelling.

### Conclusion

Assuming adequate service on and notice to a secured creditor, a debtor in this district could value collateral securing a claim in a Chapter 13 plan under a process that incorporated § 506(a) and Rule 3012. Whether that valuation accomplished a stripdown (reduction of secured claim) as in *Duggins* or a stripoff of the secured claim (by valuing the collateral at $0) as was done here, the result is the same. The valuation is binding on a secured creditor who asserts a different valuation in a proof of claim, whether or not the debtor files a pre-confirmation objection to claim.

■ As applied here, Citifinancial's Motion for Summary Judgment will be denied and the Court will set a further hearing to determine the scope of proceedings necessary to determine the sufficiency of service and notice.

Therefore, it is—

**ORDERED** as follows:

1. Citifinancial's Motion for Summary Judgment is denied.

2. The Court reserves ruling on Citifinancial's Motion to Quash and on the Debtor's Motion for Recordable Order Stripping Lien.

3. The Court will conduct a non-evidentiary further preliminary hearing on the Motion to Quash and on the Motion for Recordable Order Stripping Lien on July 1, 2004, at 10:30 a.m., at the U.S. Bankruptcy Court, 51 S.W. First Avenue, Courtroom 1406, Miami, Florida 33130.