**In re Joseph F. LOHR, Debtor.**

**No. 8:96–bk–5768–PMG.**

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

March 19, 2007.

Matthew J. Kovschak, Matthew J. Kovschak PA, Bartow, FL, for Debtor.

Shirley C. Arcuri, Tampa, FL, for the Polk County Tax Collector.

## ORDER ON MOTION TO DETERMINE STATUS OF CLAIM OF POLK COUNTY TAX COLLECTOR

PAUL M. GLENN, Chief Judge.

**THIS CASE** came before the Court for hearing to consider the Motion to Determine Status of Claim of Polk County Tax Collector. The Motion was filed by the Debtor, Joseph F. Lohr.

The issue in this case is whether certain debts owed to the Polk County Tax Collector (Tax Collector) were discharged in the Debtor's Chapter 13 case.

### Background

The facts underlying this case were previously set forth in the Order on Motion for Summary Judgment Regarding Motion to Determine Status of Claim entered on September 8, 2006. (Doc. 177).

The Debtor filed a petition under Chapter 13 of the Bankruptcy Code on May 3, 1996. At the time that the petition was filed, the Debtor owned various apartment buildings and other real property located in Polk County, Florida. (Doc. 11).

On May 23, 1996, the Tax Collector filed Proof of Claim Number 1 in the Debtor's case. Claim Number 1 was filed as a secured claim for real estate taxes in the amount of $58,480.03. The Claim referred to three separate account numbers, and stated that the debt was incurred from 1989 through 1995.

On September 19, 1996, the Tax Collector filed Proof of Claim Number 10 as an amendment to Claim Number 1. According to the Tax Collector, Claim Number 10 was filed because the tax debt for one year, on one parcel of property, had been omitted from Claim Number 1. In any event, Claim Number 10 was filed as a secured claim for real estate taxes in the amount of $5,839.36.

On January 17, 1997, the Debtor filed his Second Amended Chapter 13 Plan (the Plan). (Doc. 94). With respect to the property tax claims, the Plan provided that the Tax Collector would be "paid in full in 60 graduated monthly installments through the life of this Plan together with interest at the rate applicable to each indebtedness."

Significantly, the Plan also dealt specifically with the effect of the Debtor's discharge:

In addition to Effect of Discharge provided by the Bankruptcy Code, the entry of a discharge in this Chapter 13 case shall act as a satisfaction in full of the debt owed to the Tax Collector of Polk County and the certificate holders described in paragraph A above, and the cancellation of their liens. The discharge order shall automatically trigger the foregoing provisions.

(Doc. 94, Paragraph C).

On September 17, 1997, the Court entered an Order Confirming Plan. (Doc. 142). The Order required the Debtor to make monthly payments to the Chapter 13 Trustee for a period of sixty months, and contemplated the payment of all allowed claims in full. The Order Confirming Plan also provided that the "Trustee shall first pay any allowed property tax claim for the Polk County Tax Collector in full, together with applicable interest."

On October 3, 1997, the Court entered an Order Allowing and Disallowing Claims and Disbursements. (Doc. 143). The exhibit to the Order indicated that the Tax Collector's Claim Number 1 was allowed as a secured claim in the amount of $58,480.03, plus applicable interest. The exhibit also indicated that the Tax Collector's Claim Number 10 was an "allowed claim not receiving distributions," and that

Claim Number 10 was "dealt with to the extent of claim No. 1."

Neither the Debtor nor the Tax Collector filed a Motion to reconsider the Order Allowing Claims.

Pursuant to the confirmed Plan, the Debtor submitted monthly payments to the Trustee for four and one-half years, commencing with the payment made on July 16, 1996, and continuing each month thereafter until January 25, 2001. (Doc. 147).

On March 6, 2001, the Chapter 13 Trustee filed his Notice to Court of Completion of Payments under Confirmed Chapter 13 Plan. (Doc. 145).

On March 7, 2001, the Court entered an Order Discharging Debtor after Completion of Chapter 13 Plan. (Doc. 146).

On May 3, 2001, the Trustee filed his Final Report and Accounting. (Doc. 147). The Final Report reflects that the Trustee had paid the total sum of $59,219.32 to the Tax Collector during the term of the Plan, and that the distribution was intended to represent 100% of the principal amount of the Tax Collector's Claim Number 1.

Consistent with the Order Allowing Claims, the Final Report does not reflect that the Trustee paid any sums to the Tax Collector with respect to Claim Number 10. A typed comment on the Report, however, indicates that the amount of the distribution was verified as the "Dec'00 payoff per C. Baldwin @ tax off."

On January 17, 2006, almost five years after the entry of the Order Discharging Debtor, the Tax Collector sent a "Tax Deed Sale Warning" to the Debtor.

The Tax Collector contends that the balance due on Claim Number 1, after applying the payments from the Trustee, is $16,427.64 through May 31, 2006, and that the balance due on Claim Number 10 is $10,279.86 through May 31, 2006. (Doc. 165, Affidavit of Connie J. Baldwin).

On January 24, 2006, the Debtor filed a Motion to Determine Status of Claim and Emergency Motion to Enforce Permanent Discharge Injunction Pending Disposition of Motion. (Doc. 154). In the Motion, the Debtor asserts that the tax described in the Tax Collector's Warning was discharged by virtue of the Orders entered in this case.

The Tax Collector subsequently filed a Motion for Summary Judgment.

On September 8, 2006, the Court entered an Order denying the Tax Collector's Motion for Summary Judgment. (Doc. 177). Generally, the Court found that (1) the Tax Collector's claims were "provided for" by the Debtor's Plan and therefore discharged pursuant to § 1328 of the Bankruptcy Code, and that (2) the Order Discharging Debtor is not subject to collateral attack by the Tax Collector.

### Discussion

Following the entry of the Order denying the Tax Collector's Motion for Summary Judgment, the Court conducted a further hearing on the Debtor's Motion to Determine Status of Claim.

Only one new issue was presented by the Tax Collector at the hearing. Specifically, the Tax Collector asserts that its due process rights were violated by the entry of the Orders entered in this case, because no objection to its claims had been filed pursuant to § 502 of the Bankruptcy Code prior to the entry of the Orders. (Transcript, pp. 6–8).

To support its position, the Tax Collector cites the decision of the Eleventh Circuit Court of Appeals in *In re Bateman*, 331 F.3d 821 (11th Cir.2003) for the proposition that § 502(a) controls the amount of a creditor's allowed claim, even if a plan confirmed under § 1325 provides for pay-

ment of the claim in a different amount. Section 502(a) provides:

**11 USC § 502. Allowance of claims or interests**

(a) A claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest, including a creditor of a general partner in a partnership that is a debtor in a case under chapter 7 of this title, objects.

11 U.S.C. § 502(a). According to the Eleventh Circuit in *Bateman,* the "general terms of § 1327(a) could not override the specific § 502(a) claims provision, therefore, the confirmed plan was 'fatally defective' and could not reduce the [secured] claim." *In re Bateman,* 331 F.3d at 831 (citing *In re Hobdy,* 130 B.R. 318, 322 (9th Cir. BAP 1991)). Section 1327 governs the effect of confirmation in chapter 13 cases.

In *Bateman,* the debtor had filed a chapter 13 petition, and Universal American Mortgage Company filed a secured claim in the case in the amount of $49,178.80. The Debtor did not object to the claim, but filed a plan which provided for payment to Universal in the lesser amount of $21,600.00. The Court entered an Order confirming the debtor's Plan. More than one year after the plan was confirmed, the debtor filed an objection to Universal's claim, and Universal responded by filing a motion to dismiss the debtor's case on the basis that the Plan failed to comply with the Bankruptcy Code. *In re Bateman,* 331 F.3d at 822–23.

The Eleventh Circuit Court of Appeals concluded that Universal's claim, which was not objected to prior to confirmation, survived confirmation of the plan to the extent that it was not satisfied in full under the plan. *In re Bateman,* 331 F.3d at 822. Although the Court found that Universal could not collaterally attack the debtor's confirmed plan, it nevertheless found that Universal retained its rights under its security documents in the event that its lien was not satisfied by payments under the plan. *Id.* at 822, 834.

## A. *Bateman* is distinguishable.

The Tax Collector contends that its claims survive completion of the Debtor's Plan because in this case, as in *Bateman,* the Debtor never objected to its claims pursuant to § 502 of the Bankruptcy Code. (Transcript, p. 15).

The decision in *Bateman,* however, is readily distinguishable from the case before the Court because the secured claim at issue in *Bateman* differs from the Tax Collector's claims in critical respects.

The claim in *Bateman* "was for arrearage on a first mortgage that was secured by Bateman's principal residence." *In re Bateman,* 331 F.3d at 823. Section 1322(b)(2) of the Bankruptcy Code provides that a chapter 13 plan may "modify the rights of holders of secured claims, *other than a claim secured only by a security interest in real property that is the debtor's principal residence.*" 11 U.S.C. § 1322(b)(2)(Emphasis supplied).

Consequently, by providing for payment of Universal's claim in a reduced amount, the confirmed plan in *Bateman* did not pay the amounts due under the mortgage, and clearly violated an express provision of the Bankruptcy Code that prohibited modifications to the type of claim filed by the creditor. See *In re McDonald,* 336 B.R. 380, 385 (Bankr.N.D.Ill.2006)(Unlike the plan in *Bateman,* the plan provisions in *McDonald* were not in violation of § 1322(b)(2), but were permitted by § 1322(b)(5)).

In this case, it appears that the real estate taxes related to various apartment buildings or other rental properties owned by the Debtor. There is no indication in

the record that the tax claims relate only to the Debtor's principal residence. Accordingly, there is no suggestion that the Debtor's confirmed Plan violates § 1322(b)(2) of the Bankruptcy Code.

### B. The confirmation orders are binding, even though the Debtor did not object to the Tax Collector's claims.

In this case, the Court entered an Order Confirming Plan and also a separate Order Allowing and Disallowing Claims and Disbursements. The Order Allowing and Disallowing Claims and Disbursements specifically provided that the Tax Collector's Claim Number 10 was "an allowed claim not receiving distributions," and that Claim Number 10 was "dealt with to the extent of Claim No. 1." The Order was not appealed and is a final order.

Additionally, the Plan in this case expressly provided that "the entry of a discharge in this Chapter 13 case shall act as a satisfaction in full of the debt owed to the Tax Collector ... and the cancellation of their liens." (Doc. 94, Paragraph C). The Order Confirming Plan is also a final order.

The Plan provisions in this case are comparable to the plan provisions in *In re Sernaque,* 311 B.R. 632 (Bankr.S.D.Fla. 2004). In *Sernaque,* the debtor filed a chapter 13 petition, and a creditor subsequently filed a timely secured claim in the case. The debtor did not object to the claim. Shortly after the filing, however, the debtor filed a chapter 13 plan which provided that the secured creditor's collateral would be valued at zero.

No objection to the debtor's plan was filed, and the Court entered an order confirming the plan as proposed. The creditor requested relief from the confirmation order only after the debtor sought an order enforcing the zero valuation of its claim.

Assuming that the plan was properly served on the creditor, the Court concluded that the confirmation Order constituted a valid and binding determination that the creditor's claim was valued at zero, even though the debtor did not file a separate objection to the creditor's proof of claim. *In re Sernaque,* 311 B.R. at 636.

In reaching this decision, the Court found that *Bateman* does not stand for the proposition that an objection to claim is the only way to deal with a secured claim in a chapter 13 case. *Id.* at 639. The Court acknowledged that *Bateman* related primarily to the amount of a secured claim, rather than the value of the underlying collateral. Nevertheless, the Court found that *Bateman* did not compel the conclusion that the plan confirmed in *Sernaque* was defective. On the contrary, the valuation of the claim pursuant to the *Sernaque* plan was binding on the secured creditor, even though the creditor asserted a different valuation in his claim, and even though the debtor did not object to the claim preconfirmation. *Id.* at 641.

Likewise, in the case before the Court, the combined effect of the Plan, the Order Confirming the Plan, and the Order Allowing and Disallowing Claims was to provide for payment of the Tax Collector's claims in a fixed amount, and to discharge the Debtor upon the completion of the Plan payments. The documents were served on the Tax Collector, and the Tax Collector did not file any timely objection to the Plan or to the entry of the Orders. The Orders were binding on the Tax Collector, even though it had sought payment of a greater amount in its claims.

Based on the foregoing, the Court is not persuaded by the Tax Collector's argument that its liens survive the confirmation and postconfirmation orders entered in

this case because the Debtor had not filed an objection to its claims pursuant to § 502(a) of the Bankruptcy Code. "The Bankruptcy Code and Rules do not support the proposition that a creditor who files a proof of claim before confirmation can ignore the confirmation process and avoid the binding effect of a confirmed plan." *In re Duggins,* 263 B.R. 233, 244 (Bankr.C.D.Ill.2001)(quoted in *In re Sernaque,* 311 B.R. at 640). In this case, the confirmed Plan provided that the entry of a discharge order would operate as a satisfaction in full of the debt owed to the Tax Collector.

For the reasons stated in this Order and in the Order on Motion for Summary Judgment Regarding Motion to Determine Status of Claim dated September 8, 2006, which is specifically incorporated herein, the Court finds that the Order Discharging Debtor entered on March 7, 2001, operated as a satisfaction in full of the claims asserted by the Polk County Tax Collector.

Accordingly:

**IT IS ORDERED** that:

1. The Motion to Determine Status of Claim filed by the Debtor, Joseph F. Lohr, is granted as set forth in this Order.

2. The Order Discharging Debtor after Completion of Chapter 13 Plan entered on March 7, 2001, operated as a satisfaction in full of the claims asserted by the Polk County Tax Collector, in accordance with the Order Confirming Plan entered on September 17, 1997.