**In re Nancy Oliver ECHEVARRIA, Debtor.**

**Bankruptcy No. 90–01262 (GAC).**

United States Bankruptcy Court, D. Puerto Rico.

Aug. 1, 1997.

William Davíla de Pedro, Hato Rey, PR, for debtor.

Ronald L. Rosenbaum, Woods, Rosenbaum & Luckeroth, Hato Rey, PR, for Creditor.

## DECISION AND ORDER

GERARDO CARLO, Bankruptcy Judge.

### BACKGROUND

The debtor filed a petition for relief under Chapter 13 of the Bankruptcy Code on March 15, 1990. Doral Mortgage Corporation ("Doral") filed a timely secured claim in the amount of $11,218.31. Doral was active in the case; filing an objection to confirmation, which it subsequently withdrew. The trustee recommended confirmation of the debtor's plan and it was confirmed on October 31, 1990. The plan provided that the trustee would pay Doral's secured claim in full. The plan also provided for lien retention.

Doral filed a motion to dismiss on June 5, 1991, indicating that the debtor had failed to make three post-petition payments. The debtor responded indicating that pursuant to the confirmed plan, the trustee was paying Doral's claim in full and that the debtor was current in payments to the trustee. The Court denied Doral's motion to dismiss, specifically finding that it was frivolous and awarding the debtor costs and attorney's fees.

The trustee filed a final report and account on August 24, 1995, indicating that the debtor had completed payments under the plan and allowing all parties in interest twenty days to object to the debtor's discharge and thirty days to object to the trustee's discharge. The trustee's report indicated that Doral was paid the sum of $12,218.31, which the Court notes is $1,000.00 more than the filed claim. In any event, no objections were filed. The discharge of the debtor was entered on September 29, 1995. On the same date the trustee was discharged and the case was closed.

On May 23, 1996, the debtor filed a motion requesting remedies against Doral. The debtor indicated that Doral was attempting to collect the sum of $5,511.67, corresponding to the debt which was paid under the plan. The debtor requested that the Court order Doral to refrain from attempting to collect the debt which was already paid and to deliver the mortgage note to the debtor for cancellation purposes.

Doral filed a motion in opposition arguing that the lien securing the debt can only be discharged through an adversary proceeding and arguing that the automatic stay is no longer in effect and thus it may foreclose the lien. Doral argues that the statement in the debtor's plan which provided for lien retention allows this result. Doral also indicates that the claim filed was a "payoff balance" and that the debtor incurred additional interest and late charges by paying the claim through the plan.

The debtor filed a reply to the opposition arguing that Doral did not object to confirmation of the plan and that the confirmed plan was binding on Doral. The debtor argues that Doral may have made a mistake in failing to request interest, but it was paid the amount claimed in its proof of claim and it would be unduly burdensome for the debtor to pay for Doral's error.

## DISCUSSION

The Court concludes that pursuant to 11 U.S.C. § 350(b) the debtor has demonstrated cause for the reopening of the case to accord relief to the debtor. Accordingly, the Court will reopen the case to consider the issues raised.

■ Doral argues that the debtor is challenging the validity, priority or extent of Doral's lien and thus must file an adversary proceeding pursuant to Fed.R.Bankr.P. 7001(2). The Court concludes that contrary to Doral's assertion, the debtor is not challenging the validity, priority or extent of Doral's lien. The debtor accepted Doral's claim as filed. The Court concludes that a debtor is not required to file an adversary proceeding to provide for and subsequently obtain the discharge of a debt secured by a lien.

■ Although the debtor's plan in this case provided for lien retention, this cannot mean that the lien exists forever, irrespective of full payment of the underlying obligation. The general statement that liens pass through bankruptcy proceedings unaffected must be qualified.

> They do—unless they are brought into the bankruptcy proceeding and dealt with there.... The cases that support a contrary interpretation are cases in which the courts were, we respectfully suggest, mesmerized by a formula ('liens pass through bankruptcy unaffected').

*Matter of Penrod,* 50 F.3d 459, 463 (7th Cir.1995) (citations omitted)

■ This Court is of the opinion that a statement in a Chapter 13 payment plan providing for lien retention, only provides for lien retention until the debt is paid. The lien only exists to secure payment of the debt.

Thus, liens only survive bankruptcy if the underlying claim is not provided for through the bankruptcy plan. In the present case, the debtor provided for, and paid in full, Doral's claim as filed. Therefore, the underlying lien should be extinguished.

■ The Court concludes that pursuant to 11 U.S.C. § 1327, a confirmed Chapter 13 plan is binding on all creditors provided for by the plan. Creditors must object to confirmation, appear at hearings or otherwise put disputes before the bankruptcy court in order to raise objections. If the creditor fails to do so, the creditor is nonetheless bound by the Chapter 13 plan. After the order of confirmation, the conclusion of payments under the plan and an order of discharge that is final, the Court concludes that any claim to interest by a previously oversecured creditor, whose claim was paid in full under the plan, is waived. See *Matter of Chappell,* 984 F.2d 775 (7th Cir.1993) (Untimeliness of oversecured residential mortgage holder's claim for interest, bars it from obtaining any interest).

■ In this case, Doral was an oversecured creditor and Doral was entitled to interest. Doral chose or at least failed to exercise this right. The proof of claim filed by Doral did not include a claim for interest. Doral did not object to confirmation of the debtor's plan on the basis that the debtor's plan did not provide for interest. Doral did not bring the issue before the Court. The debtor obtained confirmation, completed payments under the plan and obtained a discharge. Thus, the Court concludes that Doral is bound by the order of confirmation and the order of discharge in this case. The debtor's debt to Doral was paid and discharged by the order discharging debtor entered on September 29, 1995. Pursuant to the discharge order and 11 U.S.C. § 1328, Doral was prohibited from attempting to collect the discharged debt. Doral will be enjoined from making any further attempts to collect the discharged debt and will be required to deliver to the debtor the mortgage note pertaining to the debt for cancellation.

## ORDER

WHEREFORE IT IS ORDERED that this case is reopened.

IT IS FURTHER ORDERED that Doral Mortgage Corporation is enjoined from making any attempt to collect on the residential mortgage debt which was paid by the debtor and discharged. Doral shall deliver to the debtor, within thirty (30) days, the mortgage note pertaining to the debt, for cancellation.

SO ORDERED.