### In re Willie STOVALL, Debtor.

No. 92 B 23860.

United States Bankruptcy Court,
N.D. Illinois,
Eastern Division.

July 21, 1999.

Pamela Tomczak, Melvin J. Kaplan and Bennett Kahn, Chicago, IL, for Movant.

John F. Brennan, Jares, Tittle & O'Toole, Ltd., Chicago, IL, for Respondent.

## MEMORANDUM OPINION ON DEBTOR'S MOTION FOR SANCTIONS

JACK B. SCHMETTERER,
Bankruptcy Judge.

This bankruptcy case was filed by Willie Stovall ("Debtor") under Chapter 13 of the Bankruptcy Code, Title 11 U.S.C. § 101 *et seq.* on October 26, 1992. On December 16, 1992, an order was entered confirming Debtor's plan. On September 24, 1996, Debtor received his discharge, and on September 30, 1996, Debtor's bankruptcy case was closed.

Despite the order granting Debtor a discharge, Advanta Mortgage Corporation ("Advanta"), a secured creditor, attempted to foreclose on Debtor's residence arguing that Advanta had not been paid in full under the plan. Debtor brought this motion to reopen his bankruptcy and for sanctions to be entered against Advanta for violation of the discharge injunction under 11 U.S.C. § 524(a)(2). After a review of the pleadings, oral argument and consideration of research, it is determined that Advanta's lien was not released by Debtor's discharge. Thus, Advanta did not violate the discharge injunction by attempting to foreclose on the property and the request for sanctions will be denied by separate order.

As in many of the Chapter 13 case plans reviewed in this Court annually, the plan here was somewhat cryptic and must be interpreted.

### FINDINGS OF FACT

The following facts are undisputed: Debtor is the owner of a single-family residence located at 8604 South Justine in Chicago, Illinois. Advanta holds the first mortgage against that residence. Prior to Debtor filing in bankruptcy, Advanta obtained a judgment of foreclosure against Debtor and in favor of Advanta.

Debtor caused this Chapter 13 case to be filed on October 26, 1992. A plan was confirmed by the court on December 16, 1992. Debtor's plan provided for 100% payment to all creditors over a term of 60 months, with payments to the trustee scheduled to be made in the amount of $930 each month.[1] Debtor's plan did not specifically list the amount to be paid to Advanta or any other identified creditor. However, Schedule D, which was attached to the plan as an exhibit, listed the balance due Advanta at $42,600 and listed the value of property securing Advanta's claim at

---

1. Debtor's plan actually provided for payments of $816 per month, but in Debtor's motion to reopen the case, Debtor states that monthly plan payments were made in the amount of $930. Advanta does not dispute this.

$53,000, thus conceding that Advanta was over secured.

Debtor's confirmed plan provided that some secured creditors would be paid 100% of the value of their security, but as to Advanta's claim there would be a "total payoff of first mortgage lien on real estate where plan specifically provides for said payoff." No other part of Debtor's Chapter 13 plan itself referred to such payoff, but that plan did provide that "the attached Schedule of Debts is hereby incorporated in and shall be considered a part of the Debtor's plan." As noted, Schedule D listing the Advanta debt was attached to Debtor's plan. In addition, the penultimate paragraph of Debtor's plan stated:

> The holder of each allowed claim who has not accepted the plan, shall retain the lien securing such claim and the value as of the effective date of the plan of property to be distributed under the plan on account of such claim is not less than the allowed amount of such claim or the debtor surrenders the property securing such claim to such holder.

That was the only part of the plan which discussed retention or release of a lien.

Advanta filed its original claim in bankruptcy on January 14, 1993, for $19,870.41. This claim was limited to the mortgage arrears. Debtor, however, wished to pay the entire balance due Advanta during the course of the plan and asked Advanta to file an amended claim which would reflect the entire amount due Advanta. Advanta, after having received approximately $12,900 paid through the plan on its original claim, filed an amended "payoff" claim reflecting the total amount due as of August 31, 1994, and then required to pay off the mortgage was $30,212.28. This "payoff" claim did not include the $12,900 already paid by the Chapter 13 Trustee on the original claim. Rather, the amended "payoff" claim took into account and gave Debtor full credit for eleven payments made by the Chapter 13 Trustee on the original Advanta claim through August 31, 1994. The Chapter 13 Trustee, not recognizing that the amended "payoff" claim had already taken into account those earlier payments totaling $12,900, misread it. Therefore, the Trustee only paid Advanta an additional $18,000 and then concluded erroneously that the entire amended Advanta claim had been paid. Therefore, payments from the Trustee to Advanta totaled only $30,392.07, whereas the true balance due at the outset of bankruptcy was about $12,900 more than was paid.

On August 28, 1996, the Chapter 13 Trustee issued a final report and account in connection with this case. Notice of the discharge was mailed on that same date. The Trustee's final report stated that the plan was paid in full, a report in error since Advanta had not been fully paid on its claim as amended. On September 24, 1996, a discharge was entered which discharged Debtor from all debts provided for by the plan. The discharge order included a provision (really a reflection of the Bankruptcy Code) that all creditors are prohibited from attempting to collect any debt that has been discharged. On that same date, the Chapter 13 Trustee was discharged and Debtor's bankruptcy case was closed.

■ On July 1, 1997, Advanta filed a motion to vacate the order of discharge and reinstate the Chapter 13 plan. On July 21, 1997, Advanta's motion was stricken without prejudice pursuant to Fed. R.Bankr.P. 7001(4) for failure to file an Adversary Complaint seeking to revoke the discharge.[2] On July 2, 1998, Debtor filed a motion to reopen the bankruptcy, to enforce the discharge injunction, and impose sanctions on Advanta for attempting to proceed with a foreclosure sale.

---

**2.** That ruling may have been improvident. Discharge orders entered through clerical error or through mistake such as the Chapter 13 Trustee's mistake described here can be corrected by motions under Rule 9024 F.R.Bankr.P. (Rule 60(a) and (b)(1) F.R.Civ. P.)

Advanta has not, subsequent to entry of Debtor's discharge, filed an Adversary in an effort to vacate the discharge or sought reconsideration of its motion to do so. It has however, maintained that its mortgage remains valid. Advanta asserts that its lien has not been paid in full because $12,900 more is due. A sheriff's sale was scheduled on the mortgage foreclosure judgment but was subsequently canceled pending the ruling here.

### JURISDICTION

The issues are properly before this Court pursuant to 28 U.S.C. § 157 and Local General Rule 2.33(A) of the Northern District of Illinois. Subject matter jurisdiction lies under 28 U.S.C. § 1334(b). Venue lies properly under 28 U.S.C. § 1409. This matter constitutes a core proceeding under 28 U.S.C. §§ 157(b)(2)(A), (B), and (K).

### CONCLUSIONS OF LAW

Upon completion by the debtor of all payments due under a confirmed plan the court is to grant a chapter 13 debtor discharge from all debts with certain exceptions specified in section 1328(a) of Title 11 U.S.C. Such a discharge operates as an injunction against the commencement or continuation of any action to collect, recover, or offset any discharged debt as a personal liability of the debtor. 11 U.S.C. § 524(a)(2).

■ "The provisions of a confirmed plan bind the debtor and each creditor whether or not the claim of such creditor is provided for by the plan, and whether or not such creditor has objected to, has accepted, or has rejected the plan." *In re Duke,* 153 B.R. 913, 915–16 (Bankr. N.D.Ala.1993) (citing 11 U.S.C. § 1327(a)). However, a discharge in bankruptcy does not necessarily result in the release of a lien held by a secured creditor. A plan of reorganization can expressly preserve preexisting liens just as it can expressly abrogate them. *Matter of Penrod,* 50 F.3d 459, 462 (7th Cir.1995). However, where a plan of reorganization is silent as to lien preservation, extinction of the lien is appropriate where the plan of reorganization provides treatment of the secured creditor's filed claim. *Id.* at 462–63 (stating that unless reorganization plan or order confirming plan preserves the lien, it is extinguished by plan confirmation provided secured creditor participated in reorganization). Thus, "liens pass through bankruptcy unaffected ... unless they are brought into the bankruptcy proceeding and dealt with there." *Id.* at 463. A lien on property only exists to secure payment of a specific debt. *In re Echevarria,* 212 B.R. 26, 28 (Bankr.D.P.R.), *aff'd,* 212 B.R. 185 (1st Cir. BAP 1997), *aff'd,* 141 F.3d 1149 (1st Cir.1998). Liens do not survive bankruptcy where the debt is provided for in the plan and is paid in full. *Id.*

■ The crux of the issue is thus whether Advanta's debt was provided for in the confirmed plan and if so, whether its claim was paid in full according to that plan. As stated above, Advanta filed an original claim for $19,870.41. After receiving payments on that claim of approximately $12,-900, Advanta filed an amended claim stating that it was owed an additional $30,212.28 needed to pay off the loan balance. Thus, Advanta's claim actually totalled about $43,000. Debtor's plan expressly stated that secured creditors would be paid in full. Moreover, Schedule D, attached to Debtor's plan, listed the secured debt to Advanta at $42,600. Thus, the debt to Advanta was certainly provided for by Debtor's plan to be paid in full through the Trustee payments, and if that had been done the lien would have been extinguished.

Despite Debtor's arguments to the contrary, Advanta's claim was not paid in full. Due to the Chapter 13 Trustee's misreading of the amended claim, Advanta received payments totaling only $30,212.28. Thus, Advanta only received about two-thirds of its claim. As Advanta's claim was not paid in full, Advanta's lien has

passed through Debtor's bankruptcy unaffected. Advanta did not violate the discharge injunction when it proceeded with foreclosure.[3]

While Advanta's amended proof of claim was not properly read by the Chapter 13 Trustee as to the total amount claimed still due, the claimant nevertheless complied with the bankruptcy code and was entitled to benefit by it. Section 501 of Title 11 U.S.C. provides that a creditor may file a proof of claim. The only specifics as to the format a creditor must use when filing a secured proof of claim in a chapter 13 case are found in Fed.R.Bankr.P. 3001. Rule 3001(a) provides that a "proof of claim is a written statement setting forth a creditor's claim. A proof of claim shall conform substantially to the appropriate Official Form." Here, Advanta's amended proof of claim was filed on the official form. While it deviated slightly from the form (as it listed the amount due at the time the amended claim was filed rather than at the time Debtor's bankruptcy was filed), Advanta still substantially followed the form.

Debtor argues under *Matter of Chappell*, 984 F.2d 775 (7th Cir.1993) and *Echevarria*, that Advanta's lien should have been extinguished upon discharge. However, in both *Chappell* and *Echevarria*, the creditors' proofs of claim were paid in full prior to discharge. Subsequent to entry of the discharge, the creditors in those cases attempted to file additional claims for interest. In both cases, the courts found that the creditors had ample opportunity during the life of the plan to assert their rights to interest. The creditors failed to do so and were therefore bound by terms of the respective confirmed and completed plans. *Chappell*, 984 F.2d at 782; *Echevarria*, 212 B.R. at 28. In this case, Advanta's amended proof of claim was not

paid in full, so Debtor's cited cases are inapplicable.

Debtor also cites to *In re Duke*, 153 B.R. 913 (Bankr.N.D.Ala.1993) for the proposition that where a creditor fails to file timely objections to its treatment under a confirmed plan, it cannot subsequently contest the avoidance of its lien. However, *Duke* is also inapplicable because Advanta's proposed treatment under the plan (100% payment) was not objected to by it. The point here is that the proposed plan treatment was substantially different from actual treatment of Advanta under the plan.

Debtor further argues that Debtor's "Chapter 13 plan specifically provided for full payment of Advanta's claim; it proposed to deal with the debt solely through the plan and to extinguish the lien upon discharge." Debtor's Brief at 2. Debtor is incorrect. While the plan provided for full payment of Advanta's claim, the plan did not expressly provide for extinguishment of Advanta's lien upon discharge. If debtor had intended extinguishment of lien upon entry of the discharge order, a specific requirement could have been added to provide that. There is room in Chapter 13 practice as in other fields of law for increased use of declaratory sentences to provide expressly for such things.

Debtor argues that Advanta was asleep at the wheel, that each check from the trustee to Advanta reflected the mistaken remaining balance due, and had Advanta been paying attention it would have realized prior to the entry of the order of discharge that it's claim was not being paid in full. However, the same argument could equally be made of Debtor. Debtor clearly knew that he owed Advanta $42,-600, as evidenced by Schedule D attached

---

**3.** Debtor's emergency motion was to reopen the case and for sanctions to be entered against Advanta for violating the discharge injunction. However, there has been no attempt to find Advanta in civil contempt. Section 524 has no provision comparable to section 362(h) (which authorizes sanctions for a violation of the automatic stay). A violation of section 524 is remedied by a motion for civil contempt under Bankruptcy Rule 9020. Debtor has not made such a motion. However, as no violation of the discharge injunction has been found, any such motion would be moot.

to Debtor's plan. Debtor also knew that his chapter 13 plan would take approximately 60 months to complete, whereas discharge was entered less than 48 months after the 60 month plan was confirmed. In any event, Debtor's gamesmanship approach is no basis for him to receive a windfall after he failed to carry out his confirmed plan by full payment to Advanta.

Debtor also cites to *In re Price*, 1998 WL 1018344, 1998 Bankr.LEXIS 612 (Bankr.M.D. Pa. April 28, 1998) for the proposition that an error by the court or by the trustee in paying a claim does not excuse negligence of a creditor in monitoring the events of a case. However, *Price* is inapplicable to this case. In *Price*, the IRS argued that the trustee was unaware when he filed his final report upon which the discharge order was based that the plan failed to provide for full payment of the IRS's secured and priority claims, and therefore, the discharge order was entered by mistake and should be vacated. *Id.* at *3. The court found, however, that under 11 U.S.C. § 1322(a)(2) (a code section applicable to taxes but having no relevance to this case) a plan may provide for less than full payment of priority tax claims if the taxing authority has agreed to such treatment. The court found that the IRS's failure to object to the plan amounted to such an agreement. *Id.* at *4. In any event, *Price* has no bearing here.

### *CONCLUSION*

Debtor's basic argument is that an approximately $42,600 claim was fully paid off by the Chapter 13 Trustee paying Advanta only about $30,000. The plan provides no room for the windfall that Debtor seeks because the Trustee closed the case prematurely.

Debtor did not pay Advanta's amended proof of claim in full, and therefore Advanta stills holds a valid lien against Debtor's property. For reasons set forth above and pursuant to order to be entered, Debtor's motion for sanctions will be denied. Pur-

suant to that order, Debtor's bankruptcy case will again be closed.