United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 23, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-10825
Summary Calendar

_____

In The Matter Of: DEVERA J ALLEN

       Debtor

DEVERA J ALLEN

       Appellant

v.

GREEN TREE SERVICING LLC, formerly known as Conseco Finance
Servicing Corp

       Appellee

--------------------
Appeal from the United States District Court
for the Northern District of Texas, Dallas
3:04-CV-1014-D
--------------------

Before WIENER, BENAVIDES, and STEWART, Circuit Judges.

PER CURIAM:[*]

    Appellant, Devera Allen ("Allen"), appeals the district

court's affirmation of the bankruptcy court's order lifting the

automatic stay with respect to Appellee Green Tree Servicing,

L.L.C.'s ("Green Tree") request to possess, foreclose on, and

_____

     [*]    Pursuant to 5TH CIR. R. 47.5, the Court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR. R.
47.5.4.

sell or otherwise dispose of Allen's 1995 Fleetwood Manufactured Home. We affirm.

In May 1995, Allen purchased a 1995 Fleetwood Manufactured Home. In so doing, Allen gave Green Tree a security interest in the manufactured home. Thereafter, in September 1997, Allen filed a voluntary petition under Chapter 13 of the Bankruptcy Code. In July 1999, Allen and Green Tree submitted an Agreed Order valuing the manufactured home at $27,000. In her Chapter 13 Plan, Allen was to pay Green Tree the $27,000 secured value in full. Based on the Chapter 13 Trustee's Final Report and Account, Allen paid on Green Tree's secured claim $8,080.30 in principal and $3,356.13 in interest. Thus, Allen failed to pay Green Tree's secured claim in full at the time Allen's Chapter 13 bankruptcy case was closed.

The decision to grant relief from the automatic stay is within the discretion of the bankruptcy judge, and on appeal is subject to review under an abuse of discretion standard. *Matter of Mendoza*, 111 F.3d 1264, 1266 (5th Cir. 1997).

Upon completion by the debtor of all payments due under a confirmed plan, the court is to grant a Chapter 13 debtor discharge from all debts with certain exceptions specified in 11 U.S.C. § 1328(a). Such a discharge operates as an injunction against the commencement or continuation of any action to collect, recover, or offset any discharged debt as a personal liability of the debtor. 11 U.S.C. § 524(a)(2).

Liens do not survive bankruptcy where the debt is provided for in the plan and paid in full. *In re Echevarria*, 212 B.R. 26, 28 (Bankr. D.P.R. 1997). However, where the debt is not paid in full, a secured creditor's lien is not extinguished. *In re Stovall*, 256 B.R. 490, 493-94 (Bankr. N.D. Ill. 1999). As Green Tree's claim was not paid in full, Green Tree's lien has passed through Allen's bankruptcy unaffected and has not been extinguished by Allen's Chapter 13 discharge. Therefore, the district court properly concludes that the bankruptcy court's order lifting the automatic stay was not an abuse of discretion. Accordingly, for the foregoing reasons, the opinion of the district court is AFFIRMED.