**In re Peter McDONALD, Debtor.**

**Peter McDonald, Plaintiff,**

v.

**Bank Financial, Defendant.**

**Bankruptcy No. 02 B 40019.**

**Adversary No. 05 A 00948.**

United States Bankruptcy Court,
N.D. Illinois,
Eastern Division.

Jan. 17, 2006.

Melvin J. Kaplan, Bennet A. Kahn, Rae Kaplan, Chicago, IL, for Debtor.

Patrick I. Hartnett, Chicago, IL, for Defendant.

Tom Vaughn, Chicago, IL, trustee.

## OPINION ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

JACK B. SCHMETTERER,
Bankruptcy Judge.

This is an action by Peter McDonald ("Debtor") related to his Chapter 13 bankruptcy case. He sues Bank Financial ("Bank"), the holder of a first mortgage against the Debtor's home for determination that said mortgage holder has violated the Debtor's discharge. Specifically, he seeks a ruling that the Debtor's mortgage loan was reinstated by Plan confirmation and entry of the discharge order in his Chapter 13 case, and to enjoin the Judicial Sale scheduled by said Bank in connection with home.

Plaintiff moved for Summary Judgment in its favor against the Defendant Bank Financial. For reasons stated below, the motion is allowed and judgment will separately enter.

Pertinent uncontested facts come from filings by the parties pursuant to Local Bankruptcy Rule 7056-1, or were derived from the Adversary pleadings and docket of the related Chapter 13 bankruptcy case.

## UNDISPUTED FACTS

1. The following is an undisputed timeline of relevant events:

| | |
|---|---|
| October 11, 2002 | Chapter 13 Bankruptcy filed |
| October 11, 2002 | Debtor's Chapter 13 Plan filed |
| January 8, 2003 | Order entered confirming Plan |
| January 15, 2003 | Bank filed its Claim |
| December 29, 2004 | Debtor's discharge order entered |
| January 31, 2005 | Bank filed motion to vacate discharge |
| February 9, 2005 | Bank's motion to vacate discharge stricken for want of prosecution |
| March 28, 2005 | Chapter 13 final report and account filed by Chapter 13 Trustee |
| March 30, 2005 | Bankruptcy case closed and trustee discharged |

2. When this bankruptcy was filed, Debtor was then and remains the owner of a single family home located at 1151 Memorial Drive in Calumet City, Illinois,

where he currently resides with his wife and daughter. (Answer to Compl. ¶ 3).

3. Defendant Bank Financial ("Bank") holds a first mortgage lien against Debtor's home. (Answer to Compl. ¶ 4). The Bank was formerly known as Financial Federal Trust and Savings Bank. (Answer to Compl. ¶ 5).

4. The Bank was scheduled as a creditor and received notice of the Debtor's bankruptcy case.

5. Debtor's Plan provided for the trustee to make both current mortgage payments and payments to cure the mortgage arrears to the Bank. (Answer to Compl. ¶ 6; Ex. A attached to Compl.). Paragraph E(4) of the confirmed Plan provided that the Bank would be paid (through the Plan payments to the Chapter 13 Trustee) all pre-bankruptcy arrears due on the mortgage amounting to $23,956 scheduled by Debtor as past due. Debtor completed his Plan (Ex. B to Compl.) and received his discharge. (Answer to Compl. ¶ 7). It was thereby determined factually that he had paid the scheduled arrearage amount in full. The Plan also provided that Debtor pay all post-bankruptcy mortgage payments as they came due, and that was done. (*See also* Ex. C to Compl.; Answer to Compl. ¶ 10.) The Bank never objected to the Plan before it was confirmed.

6. The Bank was thereby paid in full the pre-petition arrearage amount specified by the confirmed Plan. (Ex. C attached to Compl., reflecting an arrearage amount as set forth in Section E(4) of Plan and Ex. A attached to Compl.). The Bank did file a claim for a larger arrearage than the Plan promised, but that was filed after the Debtor's Plan was confirmed. While Debtor did not object to that claim, for reasons set forth below that claim filing had no effect on the confirmed Plan.

7. Paragraph B(2) of the Debtor's Plan provided that the Bank's mortgage loan would be reinstated upon curing of the default provided for in Plan Section E(4) and the payment of post-petition mortgage payments which were also made through the Chapter 13 Trustee's office. (Ex. A attached to Compl.). The confirmed Plan provided:

> The rights of holders of claims secured by a mortgage on real property of the debtor, proposed to be cured in Paragraph 4 of Section E of this plan, shall be modified only to the extent that curing the default as specified in that paragraph, while making all required postpetition payments, shall result in reinstatement of the mortgage according to its original terms, with no default in scheduled payments.

(Plan ¶ B(2))

8. As earlier noted, the Debtor's Plan was confirmed on January 8, 2003 and Debtor's discharge order entered December 29, 2004, without Bank objections. The Bank filed on January 31, 2005 its motion to vacate the discharge order, but that motion was not pursued and it was stricken for want of prosecution on February 9, 2005.

9. Even though the Debtor did, in fact, cure the arrears promised by Plan and made the post-bankruptcy mortgage payments, Bank has failed and refused to reinstate the Debtor's loan. (Answer to Compl. ¶¶ 10–11). It refuses to recognize the binding nature of the completed Plan terms and particularly does not recognize that it is bound by the arrearage amount specified in the Plan that it did not object to before the Plan was confirmed and has not otherwise contested by attacking the discharge order.

10. Subsequent to entry of the Debtor's discharge order, Bank sent a letter to the Debtor advising that there were still

amounts due toward the pre-petition mortgage arrears. (Answer to Compl. ¶ 12).

11. The Bank caused a Judicial Sale to be scheduled on April 18, 2005 (Answer to Compl. ¶ 11) to enforce its alleged right to an asserted pre-bankruptcy arrearage in effect asserting that an arrearage larger than that scheduled was due when the bankruptcy was filed.

12. On April 6, 2005, on motion of the Plaintiff, a preliminary injunction order was entered herein against the Bank restraining it from proceeding with its scheduled Judicial Sale against the Debtor's real estate located at 1151 Memorial Drive in Calumet City, Illinois, until further order of court.

13. Any further facts set forth in the Discussion below are additional undisputed facts.

## *JURISDICTION*

The court has core jurisdiction over this Adversary proceeding pursuant to 28 U.S.C. Sections 151, 157 and 1334 in that this action arises and relates to the related bankruptcy case No. 02 B 40019, and the legal effect of the orders confirming Plan and discharging the Debtor are in issue.

## *DISCUSSION*

Under 11 U.S.C. § 1322(b)(2), a Chapter 13 Plan generally may not modify a claim secured by real property that is a debtor's principle residence, except for limited modification allowed under § 1322(b)(5). Under the latter provision, the plan may "provide for the curing of any default within a reasonable time" and also for maintenance of payments due on secured debt while the case is pending, with exceptions not applicable here.

Section 1327 of the Bankruptcy Code, title 11 U.S.C. provides that "the provisions of a confirmed Chapter 13 plan bind the debtor and each creditor...." Under Section 1328(a)(1), a discharge is granted to the debtor following completion of all payments provided by the plan except debt "provided for under 11 U.S.C. § 1322(b)(5)." So while the cure of scheduled arrearage may reinstate the loan and reset the clock as to time of mortgage payments due, the debt owing is not diminished or discharged unless (as discussed below) the confirmed Plan determines that no further arrearage is actually due.

 The confirmed Chapter 13 plan is binding on all parties until it is modified or completed. *In re Casper*, 154 B.R. 243, 248 (N.D.Ill.1993). Once a plan is confirmed, it acts like a court-approved contract or consent decree that binds the debtor and all of the creditors. *In re Harvey*, 213 F.3d 318, 321 (7th Cir.2000). "[T]he Seventh Circuit has long recognized the sanctity of confirmation orders." *In re Lasica*, 294 B.R. 718, 721 (Bankr.N.D.Ill. 2003) (citing *In re Greenig*, 152 F.3d 631, 635 (7th Cir.1998); *In re UNR Indus., Inc.*, 20 F.3d 766, 769 (7th Cir.1994); *Holstein v. Brill*, 987 F.2d 1268, 1270 (7th Cir.)).

 Debtor's confirmed Plan was unambiguous in part B(2) which provided for reinstatement of the mortgage loan upon curing of the specified default amount provided under Section E(4) of the Plan and making all required post-bankruptcy mortgage payments.

The Bank argues here that the arrears amount as set forth in the Plan was incorrect. However, Section E(4) of the Plan clearly sets forth that the arrearage amount set forth in Section E(4) would be paid by the Trustee "regardless of contrary Proofs of Claim." Moreover the only claim filed by the Bank was filed by it after the Plan was confirmed. The Bank never asserted that claim as an objection

against the Plan, and never objected to the Plan. Its post-confirmation motion to vacate confirmation was stricken for want of prosecution.

Further, the Bank's motion as filed did not set forth sufficient grounds to vacate the discharge, since it did not allege that the discharge was obtained by the Debtor through fraud and that the requesting party did not know of any alleged fraud until after such discharge was granted. 11 U.S.C. § 1328(e).

In *Matter of Chappell*, 984 F.2d 775 (7th Cir.1993), the opinion held that a mortgage company was bound by the confirmed Chapter 13 plan that provided for payment in full of a mortgage debt even though it appeared that creditor might have been entitled to interest pursuant to its note and pursuant to § 506 of the Bankruptcy Code due to the debtor's equity in the property. Creditor did not object to confirmation and did not object after confirmation even though it had knowledge that trustee would not pay interest under the proposed plan. In noting that the mortgagee did nothing to make sure that its interests were protected, the *Chappell* Court stated, "Creditors must object to confirmation, appear at hearings or otherwise put disputes before the bankruptcy court in order to raise objections. If the creditor fails to do so, the creditor is bound by the Chapter 13 Plan." *In re Chappell*, 984 F.2d at 782.

In the instant matter, Bank did not object to confirmation and was similarly bound by the Plan.

In *Matter of Pence*, 905 F.2d 1107 (7th Cir.1990), the opinion held that the mortgagee was bound by terms of the confirmed plan even though the creditor may not have received written notice of the plan because the creditor there, a sophisticated creditor, had knowledge that a Chapter 13 bankruptcy case had been filed

and should have known that a plan would be filed shortly. The creditor was bound by a property valuation set forth in the plan even though it was later determined that the valuation might have been incorrect. Confirmation would only be vacated if it was obtained fraudulently and for such finding to be made there was need to show fraudulent intent. The opinion noted that the mortgagee "was not entitled to stick its head in the sand and pretend it would not lose any rights by not participating in the proceedings." *In re Pence*, 905 F.2d at 1109.

It is not clear on the present record whether the Bank or its attorney actually received a copy of the Plan before it was confirmed. However, as in the *Matter of Pence*, as a sophisticated creditor the Bank and its representatives should have been aware that a plan was to be filed in the Debtor's Chapter 13 case, a case of which they did have notice.

In opposing summary judgment, the Bank cited *In re Stovall*, 256 B.R. 490 (Bankr.N.D.Ill.1999) and *In re Bateman*, 331 F.3d 821 (11th Cir.2003) for support. Both cited cases are distinguished from facts in this case.

In *Stovall*, it was held that the mortgage lien was not extinguished upon entry of the discharge order due to the Chapter 13 trustee's mistake in reading mortgagee's amended proof of claim. Moreover, Debtor's plan in that case did not specifically list the amount to be paid to the mortgagee, but that plan only provided that the mortgagee was to be paid in full. It was held that because the creditor only received about two-thirds of its claim, it was not paid in full and its lien passed through the bankruptcy.

In this case, the Debtor's Plan unambiguously stated the amount of arrearage the Bank would be paid and the Bank was paid

that amount pursuant to terms of the Plan. While the creditor in *Stovall* was not paid the entire amount specified in the plan, the Bank in this case did receive the entire amount it was promised under Debtor's confirmed Plan.

In *Bateman,* a panel of the Eleventh Circuit Court of Appeals held that a plan confirmation order that modified a previously filed secured claim in violation of 11 U.S.C. 1322(b)(2) was not entitled to *res judicata* effect even though the creditor did not object to confirmation. 331 F.3d at 822. While recognizing that 11 U.S.C. 1327 binds creditors to the provisions of the plan, the *Bateman* opinion held that the secured creditor was not bound by the plan in that case since it was "fatally defective in its arbitrary reduction of the creditors secured arrearage claim." 331 F.3d at 831–832.

Unlike the facts in *Bateman,* the Bank's claim here was filed only after Plan confirmation, and it took no steps to object to the discharge. Moreover, the Plan provisions in this case are not in violation of 11 U.S.C. 1322(b)(2), but are permitted under § 1322(b)(5). Moreover, the Debtor's Plan here did not purport to reduce the Bank's entire secured claim, but only to cure and reinstate the mortgage by paying the scheduled arrearage amount in full as well as all post-bankruptcy mortgage payments as they became due. (Ex. C to Compl.; Answer to Compl. ¶ 10). Finally, the focused standards set by opinions of the Seventh Circuit Court of Appeals certainly must be followed in this Circuit rather than Eleventh Circuit standards.

Because there is no dispute that the arrears specified in the Debtor's Plan were paid in full and that the current post-petition mortgage payments were made when due, the Plaintiff's loan should have been reinstated upon entry of the Debtor's discharge as the confirmed Plan required.

Because the scheduled arrearage amount had been cured, the mortgage was thereby modified as permitted under 11 U.S.C. § 1322(b)(5) so far as to require mortgage reinstatement as of the discharge date and eliminate any right of the Bank to foreclose based on pre-bankruptcy arrearage.

The discharge order was thus a judgment adjudicating *inter alia* Plaintiff's cure of the pre-bankruptcy arrearage to the extent of entitling him to reinstatement of his loan when the discharge entered. The Bank's letter of December 29, 2004, to the Plaintiff advising that there was still a pre-petition arrearage and its scheduling of a Judicial Sale clearly reflected that Bank did not reinstate the loan and does not recognize the effect of the discharge order.

■ That disregard by the Bank of the discharge order was intentional and since it's acts were never withdrawn they continue as a civil contempt in violation of the prohibitions against violating the legal effect of discharge under 11 U.S.C. § 524(a)(2). A hearing must be set to determine an appropriate sanction for that continuing contempt.

■ However, the effect of the discharge in this case is only to deaccellerate any plan default and reinstate the loan as timely paid up as of the date of discharge herein. Neither the confirmed Plan in the case here nor 11 U.S.C. § 1322(b)(2) which bars modification of the secured debt permits the discharge order in light of the confirmed Plan in this case to be read to reduce the amount of debt or make final determination on the issue as to whether all pre-bankruptcy payments other than the scheduled arrearage amount were actually paid. The plan format quoted above and generally in use by counsel at the time the bankruptcy was filed did not deal with

that issue. Chapter 13 Plan formats currently in use now provide:

> B(2)(a) *Petition defaults.* If the debtor pays the cure amount specified in Paragraph 5 of Section E, while timely making all required postpetition payments, the mortgage will be reinstated according to its original terms, *extinguishing any right of the mortgagee to recover any amount alleged to have arisen prior to the filing of the petition.*

(Emphasis supplied.)

That language currently in use by the Chapter 13 bar thereby seeks to make clear that plan confirmation followed by discharge finally determines that any amount of scheduled arrearage not objected to is all that the creditor is entitled to once that amount is paid. Under that Plan, the amount of all pre-bankruptcy payments that were due are deemed and adjudicated by the discharge order to have been made through payments of the scheduled amount of cure. That language assumes that a modification of secured debt under 11 U.S.C. § 1322(b)(5) is permitted despite § 1322(b)(2), but only as an adjudication that no further arrearage payments were in fact due and the scheduled arrearage was accurate and incontestible after Plan confirmation.

As to whether that reading of the plan language currently in use is permissible under § 1322(b)(2) and § 1322(b)(5) are not issues presented here. What is presented is the issue of enforcing a plan that used the old language that did not purport to fix, limit, or reduce the total debt in any way, and did not by its terms seek adjudication that the scheduled arrearage was accurate and incontestible after Plan confirmation.

Therefore, the only effect of the confirmed Plan and discharge in this case was to deaccellerate the default and determinate that Debtor was current as of the date of discharge, and to reinstate the loan according to its terms as of that date. The principal balance still due under the loan was not affected.

### CONCLUSION

The Plaintiff Peter McDonald is therefore entitled to Summary Judgment in his favor and against the Defendant Bank Financial, and judgment will separately enter as follows:

1. Declaring that Bank Financial has violated the Plaintiff's discharge and confirmed Plan by attempting to enforce rights to foreclose after the Plan confirmation based upon pre-bankruptcy arrearage and by scheduling a Sheriff's Sale in connection with the property in question to implement its asserted right to foreclose the mortgage for nonpayment of arrears.

2. Directing Bank Financial to reinstate Debtor's loan in good standing effective as of the date of discharge.

3. Permanently enjoining Bank Financial from proceeding with its pending Judicial Sale in connection with this matter, or any sale based on its contention that Plaintiff's pre-bankruptcy arrearage was not cured through the Plan completed in this case, or based on a contention that Debtor's loan was not reinstated at time of entry of the discharge order in his case.

4. Awarding sanctions to the Plaintiff for intentional violation and continuing civil contempt of Debtor's discharge order, to be determined at subsequent hearing.

Secured creditors can easily protect themselves from this consequence by playing heads-up baseball as most do. The usual practice is for them to object to a proposed Chapter 13 plan for asserted inaccuracy of the proposed arrearage amount, and that objection is resolved prior to plan confirmation. Not having done

that, the Bank in this case must accept the consequence.